IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN<br>5613 Hoag Place<br>Davis, CA 95618<br><br>   Plaintiff,<br><br> v.<br><br>BUREAU OF LAND MANAGEMENT<br>760 Horizon Dr.<br>Grand Junction, CO 81506<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 21-cv-2405<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

## I. INTRODUCTION

1. Plaintiff American Wild Horse Campaign ("AWHC") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Bureau of Land Management (hereinafter "BLM") in failing to provide AWHC with all non-exempt records responsive to its December 21, 2020, FOIA request to this federal agency, seeking copies of Bureau of Land Management's (BLM) helicopter roundup contracts for fiscal year 2020.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, American Wild Horse Campaign, is a non-profit organization that, at all times relevant herein, has been headquartered in Davis, California.

5. Defendant Bureau of Land Management is federal agency of the United States, and sub-component of the United States Department of the Interior, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS

13. On or about December 21, 2020, American Wild Horse Campaign (AWHC) sent a FOIA request to the Bureau of Land Management (BLM), seeking copies of Bureau of Land Management's (BLM) helicopter roundup contracts for fiscal year 2020.

14. On or about December 21, 2020, AWHC received an email confirming receipt of Plaintiff's December 21, 2020, FOIA request, and assigning it DOI-BLM-20221-001420.

15. On or about February 5, 2021, AWHC sent an email to BLM, inquiring as to the status of its December 21, 2020, FOIA request.

16. On or about March 11, 2021, AWHC sent another email to BLM, once again requesting the status of AWHC's December 21, 2020, FOIA request.

17. On or about April 16, 2021, Plaintiff emailed Defendant, requesting the status of Plaintiff's December 21, 2020, FOIA request.

18. On or about July 12, 2021, AWHC emailed Defendant indicating Plaintiff had still not received an estimate of when records would be provided ,nor any records arising out of Plaintiff's December 21, 2020, FOIA request, and requesting the status of this FOIA request.

19. As of the date of the filing of this action, Plaintiff AWHC has not received any of the records which it requested in its December 21, 2020, FOIA request to the BLM.

## VII. CLAIMS FOR RELIEF

20. AWHC realleges, as if fully set forth herein, paragraphs 1-19 previously set forth herein.

21. Defendant BLM has violated FOIA by failing to provide AWHC with all non-exempt responsive records for its December 21, 2020, FOIA request.

22. By failing to provide AWHC with all non-exempt responsive record to its December 21, 2020, FOIA request as described in paragraph 13 above, Defendant BLM has denied AWHC's right to this information as provided by the Freedom of Information Act.

23. Defendant BLM has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's December 21, 2020, FOIA request.

24. By failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's December 21, 2020, FOIA request, Defendant BLM has denied AWHC's right to this information as provided by law under the Freedom of Information Act.

25. Unless enjoined by this Court, Defendant BLM will continue to violate AWHC's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

26. AWHC is directly and adversely affected and aggrieved by Defendant BLM's

failure to provide responsive records to its FOIA request described above.

27. AWHC has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

28. AWHC is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for AWHC, providing the following relief:

1. Declare Defendant BLM has violated FOIA by failing to provide AWHC with all non-exempt records responsive to its December 21, 2020, FOIA request.

2. Declare Defendant BLM has violated FOIA by failing to complete an adequate search for records responsive to AWHC's December 21, 2020, FOIA request.

3. Direct by injunction that Defendant BLM perform an adequate search for records responsive to its December 21, 2020, FOIA request and provide AWHC with all non-exempt responsive records to AWHC's December 21, 2020, FOIA request.

4. Grant AWHC's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 13th day of September 2021.

Respectfully submitted,

 /s/ Lance D. Quaranto
Lance D. Quaranto (OR0016)
Quaranto & Associates LLC
PO Box 5471
Eugene, Oregon 97405
(541) 393-8485
lance.d.quaranto@gmail.com

**Attorney for Plaintiff**